UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KATELIN LEE,**

   **Plaintiff,**

   v.                                      Case No.:

**NORMAN/CLAYMAN ENDOCRINE INSTITUTE, LLC,**

   **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **KATELIN LEE** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **NORMAN/CLAYMAN ENDOCRINE INSTITUTE, LLC** ("Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C § 2000e et seq, and the Florida Civil Rights Act of 1992, as amended ("FCRA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Pasco County, which lies within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff was employed by Defendant as a Patient Care Coordinator from on or around August 13, 2021, until her unlawful termination on or around February 11, 2022.

13. Plaintiff is a Black female and thus, a member of a protected class under the applicable laws.

14. During her employment, Plaintiff was subjected to disparate treatment in the workplace on account of her race by the Defendant.

15. The Plaintiff was subjected to racial discrimination by her superiors and received less favorable treatment than her non-Black coworkers when it came to applying company policies.

16. The Defendant made discriminatory comments about Plaintiff's hair.

17. For example, the Plaintiff received comments like "We don't wear hairstyles like that," and "Do you think your hairstyle is professional?". Similarly situated white employees never received these types of comments.

18. Plaintiff complained about racial discrimination to Defendant. However, Plaintiff never received a response to her complaint.

19. Defendant chose to retaliate against the Plaintiff for engaging in protected activity under Title VII and the FCRA by terminating her employment from the company shortly after Plaintiff submitted a complaint to Defendant.

20. Plaintiff was clearly subject to materially adverse employment action by the Defendant for engaging in protected activity under Title VII and the FCRA when Defendant terminated her employment.

21. The Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under Title VII and the FCRA.

## COUNT I —TITLE VII VIOLATION
### (DISCRIMINATION)

22. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Plaintiff is a member of a protected class under Title VII.

24. Plaintiff was subjected to disparate treatment.

25. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

26. Defendant's actions were willful and done with malice.

27. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

 (c) An injunction restraining continued violation of law enumerated herein;

 (d) Compensation for lost wages, benefits, and other remuneration;

 (e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

 (f) Compensatory damages, including emotional distress, allowable at law;

 (g) Punitive damages;

 (h) Prejudgment interest on all monetary recovery obtained;

 (i) All costs and attorney's fees incurred in prosecuting these claims; and

 (j) For such further relief as the Court deems just and equitable.

## COUNT II — TITLE VII RETALIATION

28. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

29. Plaintiff is a member of a protected class under Title VII.

30. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

31. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

32. Defendant has taken material adverse action against Plaintiff.

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

 (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

    (c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under Title VII;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    (f) Front pay;

    (g) Any other compensatory damages, including emotional distress, allowable at law;

    (h) Punitive damages;

    (i) Prejudgment interest on all monetary recovery obtained.

    (j) All costs and attorney's fees incurred in prosecuting these claims; and

    (k) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION (DISCRIMINATION)

35. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 21 of this Complaint as though fully set forth herein.

36. Plaintiff is a member of a protected class under the FCRA.

37. Plaintiff was subjected to disparate treatment.

38. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

39. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IV – FCRA RETALIATION

40. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 21 of this Complaint as though fully set forth herein.

41. Plaintiff is a member of a protected class under the FCRA.

42. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

43. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

44. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 23rd day of December 2022.

Respectfully submitted,

*/s/ Chad A. Justice*
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorney for Plaintiff**